UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY FRANCIS AUSTIN,

  Movant,

  v.

UNITED STATES OF AMERICA,

  Respondent.

_____/

Case No. 12-20554
Civil Case No. 14-13039

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER**
**DENYING MOVANT'S MOTION FOR EXTENSION OF TIME TO REPLY [55];**
**GRANTING MOVANT'S MOTION REQUESTING LEAVE TO AMEND/SUPPLEMENT 28 U.S.C. § 2255 MOTION [56];**
**GRANTING MOVANT'S MOTION TO SUBMIT CASE REFERENCE IN SUPPORT OF PENDING 28 U.S.C. § 2255 MOTION [57]**
**DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [39]; AND**
**DENYING CERTIFICATE OF APPEALABILITY**

  On February 13, 2013, Movant pled guilty to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a). On August 14, 2013, Movant was sentenced to 180 months of imprisonment. On August 5, 2014 Movant filed a Motion to Vacate, Set Aside or Correct Sentence [39]. The Government was ordered to respond to the Motion by October 27, 2014 [43]. On

1

October 14, 2014, the Government requested that their deadline for response be extended to December 11, 2014, which was granted by the Court. [45; 46]. The Government filed their response on December 9, 2014. On December 29, 2014, Movant requested an extension of time to file his reply [50]. The Court granted this Motion, setting the deadline for reply at April 1, 2015 [51]. Movant filed for an additional extension of time to reply on March 31, 2015 [53], which the Court again granted and extended the time for reply to July 8, 2015 [54]. On June 12, 2015, Movant filed a third Motion for extension of time to reply, requesting that the deadline be extended to October 8, 2015 [55]. On August 17, 2015, Movant filed a Motion requesting Leave to Amend/Supplement his § 2255 Motion, [56] and on September 4, 2015, Movant filed a Motion to Submit Case Reference in Support of the Pending § 2255 Motion [57].

Movant's Motion for Leave to Amend Pending § 2255 Motion [56] and Motion to Submit Case Reference in Support of Pending § 2255 Motion [57] are both unopposed and, in the interests of justice, these two pending Motions are **GRANTED.**

Movant has already been granted two previous Motions to Extend Time to Reply, which extended his deadline for the reply over six months. Movant has not provided an adequate explanation for his failure to file a reply in the many months

already granted to him. Further, the Court finds a reply brief unlikely to change the result and the brief submitted with Movant's Motion to Amend addresses arguments made by the Government in their response. Therefore, Movant's Motion for Extension of Time to Reply [154] is **DENIED**.

For the reasons stated below, Movant's Motion to Vacate Sentence [39] is **DENIED.** Further, Movant is **DENIED** a certificate of appealability.

### FACTUAL BACKGROUND

On March 19, 2012, law enforcement officers, while conducting surveillance, observed Movant and another individual identified as Jason Tassie, engage in a suspected narcotics transaction. When the Officers approached Movant and Tassie, Tassie told the Officers that he had just given Vicodin to Movant, and both were arrested. Movant was advised of his Miranda rights and agreed to speak with the arresting officers. Movant admitted that he purchased the Vicodin from Tassie, and that he repeatedly purchases Vicodin from him. Following the arrest of Movant, his car was impounded and Officers performed a search. During this search, the Officers found, *inter alia*, an Apple iPhone, which one of the law enforcement officers turned on to look for text messages regarding narcotics trafficking. Upon turning on the phone and seeking out these texts, the Officer observed images that he suspected to be child pornography.

3

Following this warrantless search, on March 20, 2012 law enforcement officers obtained a search warrant for Movant's phone. In his affidavit in support of the search warrant application, the Officer focused exclusively on the narcotics evidence that was sought, and made no mention of the suspected child pornography on the phone that was found during the warrantless search performed during inventory of the car prior to its impound. After the warrant was granted, per the places to be searched as defined the warrant, the Officer searched the phone's "text messages, photos, videos, call history logs and any other information digitally contained in the logical memory of the phone." [56 at 450].

While conducting this search, the Officer found sexually explicit and nude photos that he suspected were of minors, as well as potentially inappropriate text messages to apparent underage children. The Officer then sought and obtained a second warrant on March 20, 2012 that included "text messages, photos, videos, call history logs and any other information digitally contained in the logical memory of the phone" pertaining to the possible child pornography images found by the Officer under his previous search warrant. Following a search of the phone pursuant to the second warrant, Officers obtained an additional search warrant for Movant's home, and upon execution of the search, they found evidence that

4

Movant had created a false online persona which he used to persuade young boys to send explicit images to his cell phone.

On August 20, 2012, Movant was charged with three counts of child pornography in violation of 18 U.S.C. § 2251(a). On November 9, 2012, Movant, through his attorneys, filed a Motion to Suppress All Evidence and Fruits Thereof Seized Pursuant to Warrantless Search [21]. In their brief, Movant's attorneys argued that the child pornography evidence should be suppressed because, *inter alia*, (1) the initial search of Movant's iPhone was a warrantless search in violation of the Fourth Amendment, and all subsequent evidence about the child pornography charges obtained from that initial warrantless search should therefore be suppressed; and (2) that the two search warrants for Movant's iPhone that were obtained were fruits of the warrantless search and seizure and "the first warrant was overbroad and, as such, failed to particularly describe the items to be searched contrary to the Fourth Amendment." [21 at 55-56]. The Government responded on January 7, 2013. [28].

An evidentiary hearing was held on the Motion to Suppress on January 24, 2013 at which Movant was present. At the hearing, Detective Sergeant Brian Shock of the Roseville Police Department's Special Investigation Division gave testimony and Officer Jason Poole of the Fraser Department of Public Safety, who

were both involved in the initial stop of Movant, his arrest, and the subsequent searches of his iPhone.

After receiving the testimony of the officers, the Court found that, regardless of the impropriety of the initial warrantless search of the iPhone, the Motion to Suppress would be denied because the evidence was properly obtained via the search warrants that were subsequently issued:

> [T]he Government prevails because the warrant affidavit is a break in the chain of the whatever, illegality, poisonous tree, or you could characterize it as the Government characterizes it, as inevitable discovery, because the warrant does not refer to any of the fruits of the perusal of the pictures in the telephone.

[Suppression Motion Hearing Transcript at 135].

Following the denial of the Motion to Suppress, Movant entered a guilty plea on February 13, 2013. During this plea hearing, Defense counsel made it clear that Movant had been advised that the government was unwilling to enter into a plea agreement that would preserve his right to appeal the Court's denial of the Motion to suppress, and so, to preserve his right to appeal the suppression decision, Movant would have to proceed to trial. Specifically, Defense Counsel put the following information onto the record:

> Mr. Rabaut: We [defense counsel] discussed with him [Movant] the issue we previously litigated before the Court, for lack of a longer description, the Terry stop issue and the subsequent search warrants, and that in order to preserve that issue, if he wanted to address those

6

issues, he would either have to have the consent of the Court and the prosecutor to enter such a plea, which in my discussions with Mr. Roth [lead U.S. attorney in the case], he indicated his office would not be willing to do that. We also discussed with Mr. Austin the preservative he desired by means of a trial. Knowing all that, he has decided to freely and voluntarily agree to enter a plea of guilty to each of the three counts. And that is how we would like to proceed today. Is that correct, Mr. Austin?

Mr. Austin: Yes.

[Plea hearing transcript at 3].

The Court confirmed that Movant understood the various consequences of accepting the plea, and further verified that, understanding those consequences, he still accepted the plea. Movant responded that he wanted the Court to accept his guilty plea. The Court accepted the plea, and on August 4, 2013, Movant was sentenced to 180 months imprisonment. [*Id* at 23; Doc. 37].

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

7

In his original § 2255 motion and his amended motion, Movant cited four challenges to his sentence: (1) the ineffective assistance of counsel predicated upon trial counsel advising him to enter a plea "without reservation of right to appeal, and without actually attempting to appeal, the legal issues arising out of the Motion to Suppress;" (2) the U.S. Supreme Court case *Riley v. California*, 134 S.Ct. 2473, 2485 (2014) mandates that relief be granted to Movant; (3) the ineffective assistance of counsel for failing to challenge the arresting officer's position that the search of the cell phone was a valid inventory search of a "container" incident to arrest; and (4) the ineffective assistance of counsel for failing to correctly challenge the warrants and affidavits as being too narrow, since they only granted a search of the "logical memory" of the cell phone. [39; 56].

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Movant alleges a violation of his constitutional right to counsel, "an error of constitutional magnitude." *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (*quoting Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). To establish ineffective assistance of counsel, a movant must show that defense counsel rendered deficient performance and thereby prejudiced the movant's defense, so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel's failure to object to an error

8

at sentencing or failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (citing *United States v. Thomas*, 38 Fed. Appx. 198, 203 (6th Cir. Mar. 15, 2002)). However, a court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy." *Id.* (quoting *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005)) (internal quotation marks omitted). Therefore, counsel's omission of an argument for a lighter sentence constitutes deficient performance only if the omission was objectively unreasonable. *See id.*

If a movant establishes that counsel's performance was in fact deficient, he need not prove that an effective counsel likely would have changed the outcome; he need only show a probability of a different outcome sufficient to undermine confidence in the results of the proceedings. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (citing *Strickland*, 466 U.S. at 694).

Movant alleges that his counsel was ineffective for advising him to accept a plea bargain that failed to preserve his right to appeal the suppression motion decision, which, per the Court, was a close call. To enter a conditional plea, the consent of both the Government and the District Court is required per Federal Rule of Criminal Procedure 11(a)(2). As detailed in the facts section above, at the

hearing, Defense Counsel made it clear that, prior to the hearing, they had discussed with Movant, that in order to preserve the right to appeal his Motion to Suppress issues, consent from the Court and the Government would be required, and that the U.S. Attorney had informed Defense Counsel that the Government would not consent to such a request.

Counsel cannot be found ineffective for providing advice concerning a possible conditional plea agreement, or for failing to obtain a conditional plea, unless a movant can show "that counsel could have successfully negotiated such plea agreement." *Moore v. Haas*, No. 2:13-CV-12225, 2013 WL 5819593, at *5 (E.D. Mich. Oct. 29, 2013). It is clear from the record that Defense Counsel discussed the possibility of a conditional plea agreement with the Government, and that the U.S. Attorney informed him that they would not agree. Movant can show no evidence to suggest that the Government would have possibly agreed to a conditional plea agreement. Therefore, this ground for ineffective assistance of counsel is denied.

Movant also claims ineffective assistance of counsel for the failure of counsel to challenge the arresting officer's position that the search of the cell phone was a valid inventory search of a "container" incident to arrest. Movant's claim concerning this issue is that, rather than being an inventory search, the search

of the phone was a search incident to arrest, and that precedent establishes that a phone is not a "container" for the purpose of a search of a container. Therefore, the initial warrantless search of the phone was illegal.

At the Motion to Suppress hearing, the Court itself stated that the initial search of the phone was improper, but the evidence would not be suppressed because the subsequently obtained search warrants were a break in the chain of the initial illegal search and did not mention any of the illegally obtained evidence from the initial search. [Suppression Motion Hearing Transcript at 135]. Whether the initial warrantless search is considered illegal because a cell phone is not a container in a search incident to arrest, or is illegal as not being a valid inventory search, is not relevant. Either way the subsequent warrants remain valid under the Court's analysis at the Suppression Hearing, and therefore no prejudice can be shown. This claim of ineffective assistance of counsel must fail.

Finally, Movant alleges that his trial counsel was ineffective for failing to correctly challenge the warrants and affidavits as too narrow, since they only granted a search of the "logical memory" of the cell phone. Thus, per the warrant, the search was limited to "information digitally contained in the logical memory of the phone." [56 at 452]. Movant contends that, since a complete forensic analysis of the phone was never completed, there is no way to tell if the photographic

11

evidence obtained from the iPhone was stored on the phone's memory or remotely on the iCloud. Because the warrants did not cover the information on the iCloud, Movant contends that the affidavits were too narrow in scope and the subsequent warrants were illegally obtained. [56 at 446].

Regardless of whether the photos were situated on the iCloud, or physically on the phone, the warrant the Officers obtained allowed them to search through the photos on the phone. Per Movant's own brief, the officers at the time did not know whether the photos they saw were on the phone or in the iCloud, as each appeared the same on the phone. Once the photo album on the phone was opened, and the valid search began, it was impossible for the officers not to observe all of the photos on the phone, whether they were physically stored on the phone or in the cloud.

The inevitable discovery doctrine allows an exception to the "fruit of the poisonous tree" doctrine when, *inter alia*, "independent, untainted investigation... inevitably would have uncovered the same evidence." *United States v. Bowden*, 240 F. App'x 56, 61 (6th Cir. 2007) (citation omitted). As explained in the facts above, the police officers knew about the child pornographic photos' existence before the search warrants existed. If they had followed Movant's suggestion and performed a forensic analysis on the phone to avoid searching any of the photos in

the iCloud, and this prevented them from obtaining evidence of the child pornography images, the Officers would have inevitably applied for a third search warrant and broadened the scope of the search to include the iCloud images. Additionally, considering the inappropriate text messages and photos discovered from the initial illegal search, the safety concerns of a possible possessor of child pornography who is a teacher at an elementary school contacting under age children via text and soliciting inappropriate images created a situation where the investigators would be virtually guaranteed to apply for an additional warrant if necessary given the seriousness of the possible crime and the obvious public safety concerns at issue.

    Movant has failed to present any evidence that it was not inevitable that the officers would have filed for a third search warrant covering the images in the iCloud, and he also has not shown that they lacked probable cause to broaden the scope of what they were permitted to search. There is clearly evidence establishing that they would have been able to obtain a search warrant for those images, since the same probable cause argument would have attached to that evidence as it did for that located on the phone itself. The contents of both the phone and the iCloud were visible to a person using the phone, and the evidence presented in the affidavit, and reiterated by the Government in their brief and in the hearing,

established that phones contain important evidence in drug trafficking cases. This argument for probable cause would remain pertinent to the broader warrant application for the iCloud images on the phone.

Moreover, if a third warrant were required, while the scope would technically be broader than the one granted for the contents of the phone, in effect it would not be any broader than the scope considered by the Court at the suppression motion hearing, where all present considered the scope to include the totality of photos on the phone. Since the Court found the probable cause determination by the Magistrate to be adequate in that hearing, it is highly likely that, if required to apply for a third warrant based on the evidence presented by officers in the second warrant, such a warrant would have issued. Because the evidence of the photos was inevitable discovery, this ground for ineffective assistance of counsel is denied.

### 2. *RILEY V. CALIFORNIA*

In *Riley v. California*, the Supreme Court held that the search of a cell phone was not covered by the search incident to arrest exception to the Fourth Amendment, and that authorities "must generally secure a warrant before conducting such a search." *Id* at 2485. Movant's last ground for vacation of sentence is that *Riley v. California*, decided subsequently to his sentencing,

14


mandates that the evidence against him should be suppressed. 134 S.Ct. 2473 (2014).[1]

"A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (internal citations omitted). A substantive rule "alters the range of conduct or the class of persons that the law punishes" while "in contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (internal citations omitted). In *Riley*, it is clear that a procedural rule was effectuated since it clearly changed only the means of determining a defendant's culpability when it announced that a warrant was needed before a cell phone could be searched. Additionally, the rule announced in *Riley* does not implicate the fundamental fairness and accuracy of a criminal proceeding and is not a watershed rule of criminal procedure.

To qualify as a watershed rule, the new rule must "be necessary to prevent an impermissibly large risk of an inaccurate conviction" and "must alter our understanding of the bedrock procedural elements essential to the fairness of a

---

[1] Movant also cites to *U.S. v. Phillips*, 9 F. Supp. 3d 1130 (E.D. Cal. 2014) as support for this proposition in his Motion to Submit Case reference [57].

proceeding." *Whorton*, 549 U.S. at 418 (internal citations omitted). The Supreme Court has been very reluctant to consider new rules to be watershed rules of criminal procedure. In fact, since the framework for which new rules may apply retroactively in collateral proceedings was articulated in *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court has "rejected every claim that a new rule satisfied the requirements for watershed status" and has merely highlighted the right-to-counsel rule from *Gideon v. Wainwright*, 372 U.S. 335 (1963) as the model of a watershed rule. *Id* at 419.

The requirement of a warrant before a cell phone is searched is not necessary to prevent a risk of inaccurate convictions because "whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty." *Good v. Berghuis*, 729 F. 3d 636, 637 (6th Cir. 2013). Moreover, the new rule from *Riley* does not amount to a "bedrock" procedural element essential to the fairness of a proceeding as *Gideon* does because it is aimed at deterring prosecutorial misconduct which necessarily is aimed at conduct prior to the proceedings, rather than serving as a bedrock element of fairness.

Even if *Riley* were retroactive it would have no bearing on the case at hand because, per the Court's determination in the hearing on the Motion to Suppress, it agreed with *Riley* and announced the original search illegal, but declined the

16

Motion to Suppress since the evidence was obtained legally through untainted warrants. Therefore, the new rule in *Riley* would have had no impact on the decision declining to suppress the evidence, and this ground for vacation of the sentence is denied.

## CONCLUSION

For the reasons stated above, the Court denies Movant's motion to vacate, set aside, or correct his sentence. Movant's current 180-month sentence remains intact. Moreover, Movant has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court denies Movant a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly,

**IT IS ORDERED** that Movant's Motion for Extension of Time to Reply [55] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant's Motion Requesting Leave to Amend/Supplement his 28 U.S.C. § 2255 Motion [56] is **GRANTED.**

**IT IS FURTHER ORDERED** that Movant's Motion to Submit Case Reference in Support of Pending 28 U.S.C. § 2255 Motion [57] is **GRANTED**

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [39] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant's Certificate of Appealability is **DENIED.**

**SO ORDERED**.

                                          s/Arthur J. Tarnow
                                          ARTHUR J. TARNOW
                                          UNITED STATES DISTRICT JUDGE

Dated: May 13, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on

                                          s/Deborah Tofil
                                          Deborah Tofil
                                          Case Manager (313)234-5122